# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| JAMES NEUMAN,<br><br>    Plaintiff,<br><br>vs.<br><br>STATE OF IOWA et al.,<br><br>    Defendants. | No. 16-CV-2054-LRR<br><br>**ORDER** |

The matters before the court are Plaintiff James Neuman's pro se "Motion for Default Judgment Against Defendants Carter Stevens, Carolyn Inman and Roberts, Stevens, Prendergast & Guthrie PPLC" ("Motion for Default Judgment") (docket no. 42); "Motion for Default Judgment Hearing" ("Motion for Hearing") (docket no. 43); and "Motion for Due Date to Respond By and Motion for Oversized Response to Defendants['] Motion[s] to Dismiss" ("Motion for Extension") (docket no. 44), all of which he filed on August 25, 2016. On August 31, 2016, Defendants Black Hawk County, Iowa, Black Hawk County Courthouse, Black Hawk County Attorney's Office, Black Hawk County Attorney Tom Ferguson, Assistant Black Hawk County Attorney Emily Zercal, Assistant Black Hawk County Attorney Brian Williams and Assistant Black Hawk County Attorney Jeremy Westendorf (collectively, "Black Hawk County Defendants") filed a Resistance ("Black Hawk County Resistance") (docket no. 50). On that same date, Defendant Cassidy Dietz filed a Resistance ("Dietz Resistance") (docket no. 51). On September 1, 2016, Defendants State of Iowa, Chief Judge M. Kellyann Lekar, Judge Joseph M. Moothart, Judge Nathan Callahan and Judge Joel A. Dalrymple (collectively, "State Defendants") filed a Resistance ("State Defendant Resistance") (docket no. 52). On September 8, 2016, Defendants Carter Stevens, Carolyn Inman and Roberts, Stevens, Prendergast & Guthrie (collectively, "Private Defendants") filed a Resistance ("Private

Defendant Resistance") (docket no. 55). The Resistances filed by the various Defendants respond to the Motion for Default Judgment, Motion for Hearing and Motion for Extension, as well as to several other pro se motions filed by Neuman that are not addressed in this Order.

In the Motion for Default Judgment, Neuman requests that the court enter a default judgment against the Private Defendants "for [f]ailure to [r]eport [i]n or answer the summon that was properly served on them . . . ." Motion for Default Judgment at 1. Initially, the court notes that the Motion for Default Judgment is procedurally improper. Federal Rule of Civil Procedure 55 requires that a party seeking a default judgment must first seek an entry of default from the Clerk of Court and only then may seek a default judgment. *See* Fed. R. Civ. P. 55; *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998) ("When a party 'has failed to plead or otherwise defend' against a pleading . . ., entry of default under Rule 55(a) must precede a grant of a default judgment under Rule 55(b)." (citing Fed. R. Civ. P. 55(a))). Furthermore, it is clear that the Private Defendants have "plead[ed] or otherwise defend[ed]" against the Complaint in the instant action. On July 14, 2016, counsel for the Private Defendants entered a notice of appearance on their behalf. *See generally* Notice of Appearance (docket no. 22). Subsequently, on August 5, 2016, the Private Defendants filed a Motion to Dismiss (docket no. 33). Therefore, neither an entry of default or default judgment against the Private Defendants is appropriate. Accordingly, the court shall deny the Motion for Default Judgment. Furthermore, because the records of the court clearly show that relief pursuant to the Motion for Default Judgment is improper, the Motion for Hearing shall also be denied.

In the Motion for Extension, Neuman requests that the court set a "due date to respond to the [Defendants'] [M]otions to [D]ismiss." Motion for Extension at 1. He states that he has been out of the state on a fishing trip from July 24, 2016 through August

9, 2016. *Id.* at 2. Neuman implies that, due to this trip and certain personal obligations, he requires further time to prepare a response to the Motions to Dismiss. *See id*. He also seeks permission to file overlength briefs in response to the Motions to Dismiss. Finally, Neuman expresses concern that he has not been receiving filings from the Private Defendants. *Id.* at 1. However, in the Motion for Default Judgment, Neuman states that he has been receiving filings for all other Defendants in the instant action. *See* Motion for Default Judgment at 3.

The State Defendants, Black Hawk County Defendants and Officer Dietz all generally resist the Motion for Extension on the grounds that any resistance to the Motions to Dismiss is already untimely for failing to comply with Local Rule 7(e). *See* Black Hawk County Resistance at 2; Dietz Resistance at 2-3; State Defendant Resistance at 2. Local Rule 7(e) provides that "[e]ach party resisting a motion must, within [fourteen] days after the motion is served, file a brief containing a statement of the grounds for resisting the motion and citations to the authorities upon which the resisting party relies . . . ." LR 7(e). The Motions to Dismiss in this action were filed on August 5, 2016 and August 8, 2016. Therefore, over thirty days have elapsed since they were filed, well beyond the deadline set forth in the Local Rules. Neuman's only explanation for his tardiness is his fishing trip to Alaska and other, unspecified "personal obligations." The court does not view such explanations as sufficient to absolve Neuman of his obligation to comply with the Local Rules. *See Schooley v. Kennedy*, 712 F.2d 372, 373 (8th Cir. 1983) (recognizing that pro se litigants are not excused from compliance with procedural and local rules). Neuman states that he returned from Alaska on August 9, 2016, at least ten days before responses to the Motions to Dismiss were due. He offers no explanation as to why he was not preparing resistances to the Motions to Dismiss during that time. The court views Neuman's failure to timely respond to these Defendants' Motions to Dismiss as negligent at best and dilatory at worst. In any event, an extension of time to file

3

resistances to these Defendants' Motions to Dismiss is unwarranted. Accordingly, the court shall deny the Motion for Extension with respect to the State Defendants, Black Hawk County Defendants and Officer Dietz.

The Private Defendants do not resist the Motion for Extension and state that they "were unaware that Neuman had not yet received pleadings on behalf of the [Private] Defendants until the Motion for Default and Motion for . . . Hearing . . . ." Private Defendant Resistance at 2. They further state that they have overnighted all pleadings filed by them to Neuman and that "Neuman should have the appropriate time to respond to [the Private] Defendants' Motion to Dismiss . . . ." *Id.* at 2-3. The court agrees. If indeed Neuman has not been able to review the Private Defendants' Motion to Dismiss, he should be given the opportunity to do so. However, the court cautions Neuman that he must strictly comply with Local Rule 7(e) in the future. Accordingly, the court shall grant the Motion for Extension as to the Private Defendants. However, the court finds that Neuman has not demonstrated good cause for filing an overlength brief. *See* LR 7(h). The normal page limit of twenty pages is sufficient to address the claims made in the Private Defendants' Motion to Dismiss. Accordingly, the court shall deny the Motion for Extension with respect to overlength briefs.

In light of the foregoing, it is hereby **ORDERED**:
(1) The Motion for Default Judgment (docket no. 42) is **DENIED**;
(2) The Motion for Hearing (docket no. 43) is **DENIED**; and
(3) The Motion for Extension (docket no. 44) is **GRANTED IN PART** and **DENIED IN PART**.

Neuman may file a resistance to the Private Defendants' Motion to Dismiss (docket no. 33) **by no later than September 27, 2016**. If Neuman attempts to address the other pending Motions to Dismiss in the resistance, the court shall disregard such arguments. The resistance **must not exceed twenty pages in length**.

**IT IS SO ORDERED.**

**DATED** this 13th day of September, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA