# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

JAMES NEUMAN,

    Plaintiff,

vs.

STATE OF IOWA et al.,

    Defendants.

No. 16-CV-2054-LRR

**ORDER**

_____

## *TABLE OF CONTENTS*

*I.*    *INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

*II.*   *RELEVANT PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *2*

*III.*  *RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . *4*
    *A.*    *Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.*    *Overview of the Dispute* . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *C.*    **Neuman I** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *5*

*IV.*  *ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *A.*    *The Three-Judge Panel Motion* . . . . . . . . . . . . . . . . . . . . . . *6*
    *B.*    *The Motions to Dismiss* . . . . . . . . . . . . . . . . . . . . . . . . . . *7*
        1.    **Subject-matter jurisdiction** . . . . . . . . . . . . . . . . . . . *8*
            a.    *The Rule 12(b)(1) standard* . . . . . . . . . . . . . . . *8*
            b.    *The* **Rooker-Feldman** *doctrine* . . . . . . . . . . . . . *10*
        2.    **Heck v. Humphrey** . . . . . . . . . . . . . . . . . . . . . . . *13*
        3.    **Rule 12(b)(6)** . . . . . . . . . . . . . . . . . . . . . . . . . . *15*
    *C.*    *Supplemental Jurisdiction* . . . . . . . . . . . . . . . . . . . . . . . . . *18*

*V.*   *CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *18*

## 1. INTRODUCTION

The matters before the court are Defendant Officer Cassidy Dietz's "Motion to Dismiss Complaint for Failure to State a Claim and Lack of Subject Matter Jurisdiction" ("Dietz Motion") (docket no. 29); Defendants Black Hawk County, Iowa, Black Hawk County Courthouse, Black Hawk County Attorney Office, District Attorney Thomas J. Ferguson, Emily Zerkel, Black Hawk County Attorney, Brian Williams, Black Hawk County Attorney and Jeremy Westendorf, Black Hawk County Attorney's (collectively, "County Defendants") "Motion to Dismiss by Black Hawk County Defendants and Request for Order" ("County Defendants' Motion") (docket no. 31); Defendants Roberts, Stevens, Prendergast & Guthrie, PPLC, Carter Stevens and Carolyn Inman's (collectively, "Private Defendants") "Motion to Dismiss" ("Private Defendants' Motion") (docket no. 33); Defendants State of Iowa, Chief Judge M. Kellyann Lekar, Judge Joel A. Dalrymple, Judge Joseph M. Moothart and Judge Nathan Callahan's (collectively, "State Defendants") "Motion to Dismiss" ("State Defendants' Motion") (docket no. 37); Plaintiff James Neuman's pro se "Motion to Agree to Discovery"(docket no. 45); Neuman's pro se "Motion for ECF" (docket no. 47); Neuman's pro se "Motion to Proceed in [F]ront of Chief Judge Linda Reade" (docket no. 48) and Neuman's pro se "Motion for a Panel of Judges to [M]ake [R]uling on Defendants (sic) Motion to Dismiss" ("Three-Judge Panel Motion") (docket no. 49) (collectively, "Motions").

## 2. RELEVANT PROCEDURAL HISTORY

On May 25, 2016, Neuman filed a pro se Complaint (docket no. 1). In the Complaint, Neuman asserts thirty-nine claims against seventeen named Defendants. The claims range from common law claims arising under Iowa law to federal constitutional violations. All of the claims stem from Neuman's conviction in the Iowa District Court for Black Hawk County ("Iowa District Court") for violation of Iowa Code § 321J.2, operating a motor vehicle while intoxicated ("State Case"). *See State v. Neuman*, No.

OWCR196436 (Black Hawk Cty. Dist. Ct. 2014). The claims are nearly identical in nature to those asserted in a previous case before this court. *See Neuman v. State of Iowa et al.*, No. 15-CV-2037-LRR (N.D. Iowa 2015) ("*Neuman I*").

On August 5, 2016, Dietz filed the Dietz Motion, the County Defendants filed the County Defendants' Motion and the Private Defendants filed the Private Defendants' Motion. On August 8, 2016, the State Defendants filed the State Defendants' Motion. On August 25, 2016, Neuman filed the Motion to Agree to Discovery, Motion for ECF, Motion to Proceed in Front of Chief Judge Linda Reade and the Three-Judge Panel Motion. On August 31, 2016, the County Defendants filed a resistance ("County Defendants' Resistance") (docket no. 50) and Dietz filed a resistance ("Dietz Resistance") (docket no. 51) to Neuman's various motions. On September 1, 2016, the State Defendants filed a resistance ("State Defendants' Resistance") (docket no. 52) to Neuman's various motions. On September 8, 2016, the Private Defendants filed a response ("Private Defendants' Response") (docket no. 55), in which they join the County Defendants, Dietz and the State Defendants in their resistances to Neuman's various motions that are addressed in this Order.

On September 13, 2016, the court entered an Order authorizing Neuman to file a resistance to the Private Defendants' Motion and stating that such resistance may not exceed twenty pages in length. *See* Sept. 13, 2016 Order (docket no. 56) at 4. On October 3, 2016, Neuman filed a pro se Resistance ("First Neuman Resistance"). On October 11, 2016, the court struck the Resistance for being untimely, overbroad and overlength, in direct contravention of the court's September 13, 2016 Order. *See* Oct. 11, 2016 Order (docket no. 62) at 2. Therefore, the court shall not consider the First Neuman Resistance when ruling on the Motions to Dismiss.[1] Also on October 11, 2016, Defendant

---

[1] However, the court has reviewed the entirety of the First Neuman Resistance and
(continued…)

City of Evansdale filed a Joinder (docket no. 63), joining in the Dietz Motion and the Dietz Resistance. On November 4, 2016, Neuman filed a second pro se Resistance ("Second Neuman Resistance") (docket no. 67), complying with the court's September 13, 2016 Order and responding solely to the Private Defendants' Motion. Though the Second Neuman Resistance is untimely, the court shall consider it. No party has requested oral arguments on any of the Motions and the court finds that oral arguments are unnecessary. The Motions are fully submitted and ready for decision.

### 3. RELEVANT FACTUAL BACKGROUND

#### 1. *Parties*

Plaintiff James Neuman is an individual residing in Waterloo, Iowa. Defendants represent a variety of parties involved in the State Case. Defendants are: Dietz, the City of Evansdale, the County Defendants, the Private Defendants and the State Defendants.

#### 2. *Overview of the Dispute*

The circumstances underlying the instant action mirror those of *Neuman I* and are fully set out in the court's October 9, 2015 Order in *Neuman I*. *See Neuman I*, docket no. 46, at 4-6. However, the court shall provide an abbreviated version of the facts here.

This action arises out of alleged irregularities in the State Case, wherein Neuman was convicted of operating a motor vehicle while intoxicated, in violation of Iowa Code § 321J.2. In February of 2014, Dietz arrested Neuman on suspicion that Neuman was operating a vehicle while intoxicated. At the time of his arrest, Neuman made multiple requests to contact Judge Dalrymple, but Dietz would not allow him to call Judge Dalrymple. Neuman alleges that he consented to a breathalyzer test but that Dietz recorded that Neuman refused to take the test.

---

[1](…continued)
concludes that, even if the court were to consider Neuman's arguments therein, the court's determinations in this Order would not change.

Following his arrest, Neuman hired Stevens to represent him in the State Case. In preparation for a suppression hearing, Stevens subpoenaed Judge Dalrymple to testify and prepared a list of questions that Neuman requested Stevens ask Judge Dalrymple. However, after hearing Judge Dalrymple's responses to those questions, Neuman released Judge Dalrymple from the subpoena. The suppression hearing was also continued several times due to Dietz's unavailability before it was finally held.

At Neuman's trial, Stevens informed Neuman that he believed that the State had procured Judge Dalrymple as a rebuttal witness in the event that Neuman chose to testify. Based on this information, Neuman chose not to testify at trial. Prior to trial, the State indicated that, unless Neuman took a plea bargain, it would seek the full statutory penalty of six months to one year imprisonment if Neuman was convicted. Neuman was convicted at trial but, at sentencing, the State only sought two days of jail time.

Neuman alleges a host of other purported violations and envisions a wide-ranging conspiracy among every party involved in the State Case designed to deprive him of his constitutional rights. He also believes that Stevens provided him ineffective assistance in the State Case. He appealed his conviction in the State Case to the Iowa Supreme Court. The Iowa Supreme Court dismissed the appeal and issued procedendo. *See* Exhibit A to State Defendants' Motion (docket no. 37-1) (procedendo in the State Case).

### *3.* **Neuman I**

On May 18, 2015, Neuman filed a complaint in *Neuman I*.[2] The various defendants filed motions to dismiss in *Neuman I*. On October 9, 2015, the court granted the defendants' motions to dismiss in *Neuman I*. The court applied the abstention doctrine outlined in *Younger v. Harris*, 401 U.S. 37 (1971), and dismissed Neuman's claims for

---

[2] The defendants and allegations in *Neuman I* were identical to those before the court in the instant action, save the additions of one Defendant, Judge Callahan, to several causes of action and two additional causes of action for "conspiracy to commit subordination of perjury" in the instant action. *See* Complaint at 58-59.

equitable relief because the State Case was still pending. *See* Oct. 9, 2015 Order (*Neuman I* docket no. 46) at 16-20. The court also noted that Neuman had failed to satisfy the favorable termination rule under *Heck v. Humphrey*, 512 U.S. 477 (1994), and therefore denied his request for money damages. *See id.* at 20-22. Therefore, the court found that Neuman was unable to proceed with his claims and dismissed them without prejudice, with the understanding that such claims may become cognizable at a later time.

## 4. ANALYSIS

### 1. The Three-Judge Panel Motion

Because the Three-Judge Panel Motion concerns the adjudication of the various Motions to Dismiss in the instant action, the court shall address this Motion first. In the Three-Judge Panel Motion, Neuman requests that a panel of judges render decision on the Motions to Dismiss. Neuman argues that, "with a panel of [j]udges, [he is] more likely to get a proper decision." Three-Judge Panel Motion at 1. Dietz argues that a panel of judges is inappropriate because the instant action does not exist within the narrow range of cases in which such a panel is appropriate pursuant to 28 U.S.C. § 2284. Dietz Resistance at 5. The State Defendants resist on similar grounds. *See* State Defendants' Resistance at 3-4.

28 U.S.C. § 2284 provides that a panel of three judges "shall be convened when otherwise required by an Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body." 28 U.S.C. § 2284(a). The statute explicitly grants the district court the power to review whether a three-judge panel is warranted under 28 U.S.C. § 2284(a). *See id.* § 2284(b)(1); *see also Shapiro v. McManus*, ___ U.S. ___, ___, 136 S. Ct. 450, 454-55 (2015) ("[A] party may . . . file a *request* for a three-judge court even if the case does not merit one under § 2284(a). Section 2284(b)(1) . . . clarifies that a district judge need not unthinkingly initiate the procedures to convene a three-judge court

without first examining the allegations in the complaint. In short, all the district judge must 'determin[e]' is whether the 'request for three judges' is made in a case covered by § 2284(a)—no more, no less." (fourth alteration in original)). Here, it is clear that the allegations in the Complaint do not challenge the constitutionality of the apportionment of congressional districts or of a statewide legislative body. Furthermore, the court is unaware of any congressional act that would require a three-judge panel in this case, and Neuman has pointed to none. This case does not require a panel of judges under 28 U.S.C. § 2284(a) and, therefore, the court alone shall rule on the Motions to Dismiss. Accordingly, the Three-Judge Panel Motion shall be denied.

### 2. *The Motions to Dismiss*

In their Motions to Dismiss, Dietz, the County Defendants, the Private Defendants and the State Defendants all argue that the court should dismiss the instant action pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dietz Motion at 1; County Defendants' Motion at 2; Private Defendants' Motion at 1; State Defendants' Motion at 1. Dietz, the Private Defendants and the State Defendants all argue that the court lacks jurisdiction over the instant action under the *Rooker-Feldman* doctrine. *See* Dietz Motion at 2; Private Defendants' Motion at 2; State Defendants' Motion at 4. Dietz, the County Defendants and the State Defendants also argue that the court should dismiss the § 1983 claims against them because Neuman failed to satisfy the favorable termination rule under *Heck v. Humphrey*. *See* Dietz Motion at 2; County Defendants' Motion at 2; State Defendants' Motion at 4.

Dietz also argues that Neuman is estopped from litigating issues that were or could have been raised in the State Case, the City of Evansdale cannot be held liable under a theory of respondeat superior in a § 1983 action and Dietz is protected from suit by qualified immunity. *See* Brief in Support of the Dietz Motion (docket no. 29-1) at 11, 17, 18. The County Defendants also argue that they are entitled to prosecutorial immunity,

various County Defendants cannot be held liable for the constitutional violations of their agents under a theory of vicarious liability, Neuman's claims are time-barred by the statute of limitations and the balance of his claims are barred for failure to state a claim upon which relief can be granted. *See* Brief in Support of the County Defendants' Motion (docket no. 31-1) at 6, 12-20. The Private Defendants also argue that Neuman's failure to procure post-conviction relief bars him from suing them for professional negligence, Neuman has failed to sufficiently allege a defamation claim and, even if he had stated such a claim, they are entitled to absolute immunity, they are not state actors and, therefore, cannot be held liable under § 1983 and Neuman's other federal claims fail on a variety of grounds. *See* Brief in Support of the Private Defendants' Motion (docket no. 33-1) at 7, 8, 13-17. The State Defendants also argue that they are entitled to absolute judicial and witness immunity, they are entitled to sovereign immunity, they are entitled to qualified immunity and Neuman failed to state a claim upon which relief can be granted as to the remainder of the claims. *See* Brief in Support of the State Defendants' Motion (docket no. 37-3) at 9-15, 17-26.

Because the application of the *Rooker-Feldman* doctrine and *Heck v. Humphrey* touches on arguments made by multiple Defendants, the court shall address those arguments first. The court shall then proceed to consider Defendants' other arguments.

### 1. *Subject-matter jurisdiction*

All Defendants claim that the court lacks subject-matter jurisdiction over the instant action pursuant to Federal Rule of Civil Procedure 12(b)(1).

### 1. *The Rule 12(b)(1) standard*

Rule 12(b)(1) provides that a party may file a motion asserting the defense of "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A Rule 12(b)(1) motion can either attack the complaint's assertion of jurisdiction on its face or it can attack the factual basis underlying the court's jurisdiction. *See Branson Label, Inc. v. City of Branson, Mo.*,

793 F.3d 910, 914 (8th Cir. 2015); *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). In a facial challenge, the factual allegations concerning jurisdiction are presumed to be true, and the Rule 12(b)(1) motion will succeed only if the plaintiff fails to allege some element necessary to invoke the court's jurisdiction. *See Branson Label*, 793 F.3d at 914. "Accordingly, 'the court restricts itself to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quoting *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990)).

Under a factual attack, "the trial court may proceed as it never could under 12(b)(6)." *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Where a party attacks the very facts underpinning the court's jurisdiction, "no presumptive truthfulness attaches to the plaintiff's allegations" and the court may undertake an independent evaluation of those disputed facts. *Id.* (quoting *Mortensen*, 549 F.2d at 891). "Because at issue in a factual 12(b)(1) motion is the trial court's jurisdiction—its very power to hear the case—there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (quoting *Mortensen*, 549 F.2d at 891). Therefore, "the court may receive competent evidence such as affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus*, 4 F.3d at 593.

In the instant action, no Defendant has attacked the factual basis for the court's jurisdiction. Instead, they argue that the *Rooker-Feldman* doctrine serves to deprive the court of jurisdiction to hear the dispute. Because *Rooker-Feldman* deprives a court of jurisdiction even if all of the factual allegations regarding the court's jurisdiction are true—that is, even if the Complaint raises a federal question—the court finds that the nature of the Defendants' jurisdictional attack is a facial challenge. Accordingly, the court will accept all jurisdictional facts underlying the Complaint as true.

9

## 2. The Rooker-Feldman *doctrine*

The *Rooker-Feldman* doctrine is a jurisdictional doctrine based on the Supreme Court's decisions in *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923). Under the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings." *Feldman*, 460 U.S. at 482. The textual authority for this doctrine derives from 28 U.S.C. § 1257, which provides that only the Supreme Court may review judicial proceedings from a state's highest court. 28 U.S.C. § 1257 ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court . . . ."); *see also Feldman*, 460 U.S. at 482 ("Review of [state court final] judgments may be had only in [the Supreme] Court."). "The jurisdiction possessed by the [d]istrict [c]ourts is strictly original." *Rooker*, 263 U.S. at 416 (citation omitted). Thus, where a party seeks to have a federal district court sit in review of a state court's final judgment, the district court lacks subject matter jurisdiction to hear the case. *See Feldman*, 460 U.S. at 482. Even if the state court judgment is incorrect, "an effective and conclusive adjudication" in state court is only "open to reversal or modification in an appropriate and timely appellate proceeding." *Rooker*, 263 U.S. at 415.

In *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, the Supreme Court held that invocation of the *Rooker-Feldman* doctrine "is confined . . . cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." 544 U.S. 280, 284 (2005). The doctrine does not "stop a district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Id.* at 293. The Supreme Court cautioned that the *Rooker-Feldman* doctrine occupies only a "narrow ground" and should be invoked only under "limited circumstances." *Id.* at 284, 291. "Variously interpreted

in the lower courts, the doctrine has sometimes been construed to extend far beyond the contours of the *Rooker* and *Feldman* cases, overriding Congress'[s] conferral of federal-court jurisdiction concurrent with jurisdiction exercised by state courts . . . ." *Id.* at 283. Thus, in *Exxon Mobil*, the Supreme Court explicitly attempted to narrow the doctrine and return it to its conceptual roots. *See Dodson v. Univ. of Ark. for Med. Scis.*, 601 F.3d 750, 758 (8th Cir. 2010) ("We have generally applied a narrower version of *Rooker-Feldman* since *Exxon* . . . .").

"One way to determine whether a federal claim is based on a complaint of injury caused by a state-court judgment, and thus an appeal of such judgment, is to determine if the state and federal claims are 'inextricably intertwined.'" *Robins v. Ritchie*, 631 F.3d 919, 925 (8th Cir. 2011) (quoting *Feldman*, 460 U.S. at 482 n.16). Claims are "inextricably intertwined" when "federal claims can succeed only to the extent the state court wrongly decided the issues before it." *Id.* This may require the court to examine the substance of the plaintiff's federal claims to determine whether they effectively challenge the conclusions of a state court. *See Hageman v. Barton*, 817 F.3d 611, 614 (8th Cir. 2016) ("The boundaries for application of the [*Rooker-Feldman*] doctrine depend upon the nature of the federal claims and whether the plaintiff in federal court, in fact, seeks relief from the state court judgment."). *Rooker-Feldman* only applies to allegedly erroneous actions taken by state courts, not opposing parties. *See Riehm v. Engelking*, 538 F.3d 952, 965 (8th Cir. 2008) (quoting *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir. 2003)); *see also, e.g.*, *Caldwell v. DeWoskin*, 831 F.3d 1005, 1009 (8th Cir. 2016) (finding that the *Rooker-Feldman* doctrine did not deprive a bankruptcy court of jurisdiction to hear a federal case complaining of the defendants' actions in "seeking and executing" a state court's contempt orders but which did not challenge the state court orders themselves). However, this does not require the state court to undertake an extensive analysis of every claim in order to conclude that *Rooker-Feldman* deprives the

11

court of jurisdiction. *See Skit Int'l, Ltd. v. DAC Techs. of Ark., Inc.*, 487 F.3d 1154, 1157-58 (8th Cir. 2007) (quoting *Simes v. Huckabee*, 354 F.3d 823, 830 (8th Cir. 2004)) (concluding that, where state appellate courts had rejected an appeal from a state district court judgment as untimely, a federal claim that such a rejection was improper was barred under *Rooker-Feldman*).

Here, the court finds that the federal claims here are inextricably intertwined with the issues decided by the state courts in the State Case. Having reviewed all of Neuman's allegations and claims for relief in the Complaint, the court understands Neuman's main contention to be that he was deprived of the opportunity to testify at trial in the State Case due to his fear that the State would call Judge Dalrymple as a rebuttal witness, resulting in the allegedly defamatory statements that Judge Dalrymple made about Neuman being introduced to the jury. Neuman's claims all serve as an attempt to undermine his conviction—a state court decision—and ancillary issues that were decided at the state court level. The aggregate effect of the relief that Neuman requests, if granted, would be to invalidate the outcome of the State Case and imply that his conviction should have been overturned. This is borne out by by Neuman's own prayer for relief in which he "demands a new trial" because he was "denied a fair trial in [the State Case]." Amended Complaint at 68. The court could not grant Neuman the relief he requests without invalidating the results of the State Case, which were appealed to the Iowa Supreme Court.[3] Such a result would expand the court's jurisdiction to a level incongruous with the Constitution. Accordingly, the court finds that it lacks subject-matter jurisdiction over the

---

[3] The court also notes that here is essentially challenging the validity of his conviction in the State Case and, therefore, he can only make these claims in a habeas corpus action. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973) (finding that a writ of habeas corpus is the only federal remedy available if a plaintiff is challenging the validity of his conviction or the duration of his incarceration).

instant action because the *Rooker-Feldman* doctrine prohibits the court from sitting as a *de facto* appellate court to state court proceedings.[4]

### 2. Heck v. Humphrey

The court also finds that the Supreme Court's decision in *Heck v. Humphrey* bars Neuman from seeking monetary relief in the instant action. It is well settled law that:

---

[4] To the extent that the court's application of *Rooker-Feldman* was erroneous because Neuman does not effectively seek relief from a state court judgment, the court alternatively finds that his claims are still barred under doctrines of preclusion. *See Dornheim v. Sholes*, 430 F.3d 919, 923 (8th Cir. 2005) (noting that cases not governed by *Rooker-Feldman* "would be governed by preclusion law" (quoting *Exxon Mobil*, 544 U.S. at 293); *see also* Brief in Support of the Dietz Motion at 11-15 (arguing that Neuman's claims should be dismissed under preclusion principles). It is well-settled that a party is barred from instituting a later action on matters that could have been litigated in an earlier action on the same claim. *See* In re *Marriage of Ginsberg*, 750 N.W.2d 520, 522 (Iowa 2008) ("[A] party must litigate all matters growing out of the claim, and claim preclusion will apply not only to matters actually determined in an earlier action but to all relevant matters that could have been determined." (alteration in original) (internal quotation marks omitted) (quoting *Penn v. Iowa State Bd. of Regents*, 577 N.W.2d 393, 398 (Iowa 1998))); *Woods v. Young*, 732 N.W.2d 39, 41 (Iowa 2007) ("An action between the same parties involving the same claim that has been adjudicated by the court is final as to all issues that could have been presented to the court."); *see also Finstad v. Beresford Bancorporation, Inc.*, 831 F.3d 1009, 1013 (8th Cir. 2016) ("Under the Full Faith and Credit Act, 28 U.S.C. § 1738, federal courts 'must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered.'" (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984))). The essence of Neuman's claims before this court stem from his conviction in the State Case and allege constitutional irregularities therein. He seeks to readjudicate his conviction in federal court and requests a new trial. His claims before the court in the instant action combine to challenge his conviction in the State Case—in other words, the two cases present the same claims. Any constitutional deficiencies with the State Case either were or could have been raised and adjudicated in the State Case and are, therefore, barred here. Thus, while the court finds that it is deprived of jurisdiction under *Rooker-Feldman*, it alternatively finds that Neuman is barred by principles of res judicata from pursuing his claims in the instant action.

> in order to recover damages for allegedly unconstitutional conviction . . ., or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Heck*, 512 U.S. at 486-87. The same principle operates where the plaintiff is no longer incarcerated at the time he or she brings the federal action. *See Newmy v. Johnson*, 758 F.3d 1008, 1011-12 (8th Cir. 2014); *Entzi v. Redmann*, 485 F.3d 998, 1003 (8th Cir. 2004); *see also Heck*, 512 U.S. at 490 n.10. Accordingly, under the so-falled favorable termination rule from *Heck*, unless Neuman can demonstrate that he has obtained a reversal on appeal, he cannot bring his § 1983 claims seeking damages.

In the instant action, a judgment in favor of Neuman on his § 1983 claims would necessarily imply that the State Case was wrongly decided and that the judgment rendered in the State Case was invalid. Neuman has failed to plead facts stating that he has obtained favorable appellate relief and has, therefore, failed to satisfy the favorable termination rule. Neuman has argued that he has not lost his appeal, but rather that it was dismissed without reaching the merits. *See* Neuman Resistance at 1. The court has determined that it will not rely on the Neuman Resistance—however, even considering such argument, the court would still find Neuman's claims to be barred. It makes no difference whether Neuman's appeal was affirmed on the merits or dismissed for some non-merits reason.

14

The favorable termination rule demands that a § 1983 plaintiff's conviction or sentence be invalidated already and does not differentiate between appeals dismissed for merits and non-merits reasons. Because Neuman admitted in the Complaint that he has failed to satisfy the favorable termination rule, the court shall dismiss his claims for money damages.

### 3. *Rule 12(b)(6)*

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). The question for a court considering a Rule 12(b)(6) motion is not whether the plaintiff will ultimately prevail, but rather "whether his complaint [is] sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011) (citation omitted). In order to cross the federal court's threshold, the complaint need "not [be] a model of the careful drafter's art," nor need it "pin plaintiff's claim for relief to a precise legal theory." *Id.* at 530. This is especially true when the plaintiff is appearing pro se, which requires the court to liberally construe the pleadings. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (citing *Estelle*, 429 U.S. at 106). To be sufficient, a complaint must simply state a "plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Skinner*, 562 U.S. at 530 (citing 5 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1219 (3d ed. 2004 & Supp. 2010)).

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

15

for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 677-78 (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2)]."). It is insufficient to "plead[] facts that are 'merely consistent with' a defendant's liability." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555).

"Where the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997)). Although the court must accept as true all factual allegations contained in the Complaint, the court need not accept legal conclusions disguised as facts. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In addition to the application of *Rooker-Feldman* and *Heck v. Humphrey* discussed above, the court further finds that Neuman's claims fail under Rule 12(b)(6) for a variety of reasons, including: (1) the claims against the City of Evansdale and Black Hawk County must be dismissed because an employer may not be held vicariously liable for the constitutional violations of its agents and Neuman has not alleged a *Monell* style claim, *see Monell v. Dep't of Soc. Servs. of New York*, 436 U.S. 658, 694 (1978); *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1214 (8th Cir. 2013); (2) Neuman's claims under 42 U.S.C. § 1981 against all Defendants but the Private Defendants must be dismissed because § 1981 claims are not cognizable against state actors, *see Artis v. Francis Howell*

*N. Band Booster Ass'n, Inc.*, 161 F.3d 1178, 1181 (8th Cir. 1998) ("A federal action to enforce rights under § 1981 against a state actor may only be brought pursuant to § 1983."); (3) Neuman's claims under 42 U.S.C. § 1985 must all be dismissed because he has alleged no facts suggesting that there was a "meeting of the minds directed toward an unconstitutional action," *Kelly v. City of Omaha*, 813 F.3d 1070, 1078 (8th Cir. 2016) (quoting *Nelson v. City of McGehee*, 876 F.2d 56, 59 (8th Cir. 1989)); (4) Neuman's claims under 42 U.S.C. § 1986 must all be dismissed because "a cause of action under [§] 1986 is dependent upon a valid [§] 1985 claim," *Williams-Bey v. Kempker*, 192 Fed. App'x 569, 571 (8th Cir. 2006) (citing *Kaylor v. Fields*, 661 F.2d 1177, 1184 (8th Cir. 1981)); (5) the majority of Defendants are entitled to immunity from suit, *see Sample v. City of Woodbury*, ___ F.3d ___, ___, 2016 WL 4608141, at *2 (8th Cir. Sept. 6, 2016) ("Absolute immunity protects prosecutors against claims arising from their initiation of a prosecution and presenting a criminal case insofar as that conduct is intimately associated with the judicial phase of the criminal process." (internal quotation marks omitted) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1991))); *Schottel v. Young*, 687 F.3d 370, 373 (8th Cir. 2012) ("A judge is immune from suit, including suits brought under [§] 1983 to recover for alleged deprivation of civil rights, in all but two narrow sets of circumstances," which do not apply here); *Moses v. Parwatikar*, 813 F.2d 891, 893 (8th Cir. 1987) (finding that even allegedly perjured testimony given as part of a conspiracy against the plaintiff was entitled to absolute immunity from suit); *Spencer v. Spencer*, 479 N.W.2d 293, 295 (Iowa 1991) ("Iowa recognizes an absolute privilege (or immunity) from liability for defamation which takes place in a judicial proceeding."); and (6) the Private Defendants are not state actors and are not amenable to suit under § 1983, *see Ams. United for Separation of Church & State v. Prison Fellowship Ministries, Inc.*, 509 F.3d 406, 421 (8th Cir. 2007) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" (alteration in original) (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999))). For

these additional reasons, the court finds that Neuman's claims against the various Defendants must be dismissed.

### *3. Supplemental Jurisdiction*

In addition to his federal claims, Neuman asserts various state law claims. Because the court finds that the federal claims should be dismissed, the court it declines to exercise its supplemental jurisdiction over the remaining claims arising under Iowa law. *See* 28 U.S.C. § 1367(c); *Streambend Props. II, LLC v. Ivy Tower Minneapolis, LLC*, 781 F.3d 1003, 1016-17 (8th Cir. 2015) ("When a district court dismisses federal claims over which it has original jurisdiction, the balance of interests usually will point toward declining to exercise jurisdiction over the remaining state law claims." (quoting In re *Canadian Import Antitrust Litig.*, 470 F.3d 785, 792 (8th Cir. 2006))). Accordingly, the court will dismiss the state law claims without prejudice. *See id.* (recognizing that dismissal, rather than remand, is appropriate when the case was not removed from state court); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) (recognizing that, where the action is originally filed in federal court and "the federal claims are dismissed before trial, . . . the state claims should be dismissed as well").

### *5. CONCLUSION*

In light of the foregoing, it is hereby **ORDERED**:

(1) The Dietz Motion (docket no. 29) is **GRANTED**;

(2) The County Defendants' Motion (docket no. 31) is **GRANTED**;

(3) The Private Defendants' Motion (docket no. 33) is **GRANTED**;

(4) The State Defendants' Motion (docket no. 37) is **GRANTED**;

(5) Neuman's Motion to Agree to Discovery (docket no. 45) is **DENIED AS MOOT**;

(6) Neuman's Motion for ECF (docket no. 47) is **DENIED AS MOOT**;

(7) Neuman's Motion to Proceed in Front of Chief Judge Linda Reade (docket no. 48) is **DENIED AS MOOT**;

(8) The Three-Judge Panel Motion (docket no. 49) is **DENIED**; and

(9) The federal claims contained in the Complaint (docket no. 1) are **DISMISSED WITH PREJUDICE** and the state law claims contained in the Complaint are **DISMISSED WITHOUT PREJUDICE**. No further claims remain pending before the court.

**IT IS SO ORDERED.**

**DATED** this 10th day of November, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA