# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

| | |
|---|---|
| JAMES NEUMAN, | |
| Plaintiff, | No. 16-CV-2054-LRR |
| vs. | **ORDER** |
| STATE OF IOWA et al., | |
| Defendants. | |

## *I. INTRODUCTION AND RELEVANT PROCEDURAL HISTORY*

The matter before the court is Defendant Officer Cassidy Dietz's "Motion for Sanctions Against Neuman" ("Motion") (docket no. 53), which he filed on September 1, 2016. On September 8, 2016, Defendants Black Hawk County, Iowa, Black Hawk County Courthouse, Black Hawk County Attorney's Office, Black Hawk County Attorney Tom Ferguson, Assistant Black Hawk County Attorney Emily Zerkel, Assistant Black Hawk County Attorney Brian Williams and Assistant Black Hawk County Attorney Jeremy Westendorf (collectively, "County Defendants") filed a notice that they do not resist the Motion. *See* Black Hawk County Defendants' Response to Defendant Dietz's Motion for Sanctions Against Plaintiff (docket no. 54) at 2. On October 11, 2016, Defendant City of Evansdale filed a Joinder (docket no. 63), joining in the Motion. *See* Joinder at 2. In the Motion, Dietz argues that "Neuman is a professional litigant, who has filed at least [eight] pro se complaints in federal court, including [six] in Illinois and [two] in Iowa." Motion at 2. Dietz also argues that Neuman's filings are frivolous and filing responsive pleadings is costly. *Id.* Dietz also notes that Neuman has previously been sanctioned in the Southern District of Illinois. *Id.*; *see also Neuman v. State of Illinois*, No. 10-CV-594-DRH, 2011

WL 2693222, at *7-8 (S.D. Ill. July 12, 2011). In the Southern District of Illinois,[1] the United States District Court there noted that Neuman had initiated a string of frivolous litigation, totaling nearly ten cases in both state and federal court, and had been sanctioned by courts in Illinois three times. *See Neuman*, 2011 WL 2693222, at *1. Dietz requests that the court impose a monetary sanction in the amount of $10,000 on Neuman and bar him from instituting further federal actions until such amount is paid. Motion at 2.

## II. ANALYSIS

### A. The Rule 11 Standard

Federal Rule of Civil Procedure 11 requires that "[e]very pleading, written motion, and other paper . . . be signed . . . by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances . . . it is not being presented for any improper purposes, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation.

*Id.* at 11(b). Rule 11 also authorizes the court to impose sanctions for violations of the Rule "after notice and a reasonable opportunity to respond." *Id.* at 11(c)(1). "Part of the purpose of the sanctioning power . . . is to control litigation and to preserve the integrity of the judicial process." *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 594 (8th Cir. 2001); *see also Kirk Capital Corp. v. Bailey*, 16 F.3d 1485, 1490 (8th Cir. 1994) ("[T]he primary purpose of Rule 11 sanctions is to deter attorney and litigant misconduct, not to compensate the opposing party for all of its costs in defending."). Courts have

---

[1] The Honorable David Richard Herndon, Chief United States District Judge for the Southern District of Illinois, presiding.

considerable discretion in crafting sanctions pursuant to Rule 11. *See Exec. Air Taxi Corp. v. City of Bismarck*, 518 F.3d 562, 571 (8th Cir. 2008) (noting that Rule 11 determinations "often involve 'fact-intensive, close calls'" and describing the district court's discretion in imposing sanctions as "wide" (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 404 (1990))).

### *B. Sanctions Are Not Appropriate At This Time*

The court is intimately familiar with the conduct of which Dietz complains in the Motion. Neuman has filed multitudinous motions before the court both in the instant action and in a separate action filed with this court. *See Neuman v. State of Iowa et al.*, No. 15-CV-2037-LRR (N.D. Iowa). He regularly requests the court to reconsider matters that have already been settled and refuses to accept the court's judgment as final on nearly every ruling it makes. Neuman has engaged in a pattern and practice of filing groundless motions, requiring the various Defendants to expend time and resources responding to them, and then refusing to accept the court's ruling on those motions.

However, despite this behavior, after considering Neuman's history within this jurisdiction, the court finds that his conduct has not been so extensive, vexatious or dillatory as to suggest that his filings are "being presented for any improper purpose." Fed. R. Civ. P. 11(b)(1). The court is mindful of the many cases Neuman instituted in the Illinois courts, and is cautioned by the two cases already filed in the Northern District of Iowa. However, because Neuman does not have a long history of filing frivolous suits with the courts in this jurisdiction, the court finds that sanctions are not required or appropriate at this time.

The court strongly cautions Neuman to carefully consider the filings he makes in the future. If he insists on continuing to file baseless motions and complaints, or continues to litigate the instant action in a frivolous manner, the court will have no choice but to

construe such filings as being made for improper purposes. At that time, sanctions may become appropriate.

For the foregoing reasons, the Motion (docket no. 53) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 10th day of November, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA